UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WEASE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4107-B |
| | § | |
| OCWEN LOAN SERVICING, LLC, and | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Second Motion to Modify Judgment. Doc. 102. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I.

### BACKGROUND

The Court recounted the facts of this case in its Order granting Defendants' Motion for Summary Judgment. Doc. 82, Order 1–2. In short, this is a mortgage dispute. Plaintiff/Counter-Defendant Michael Wease sued Defendant/Counter-Plaintiff Ocwen Loan Servicing, LLC and Defendant Wells Fargo Bank, N.A. for: (1) purported violations of the Texas Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act; (2) breach of contract; (3) equitable relief; (4) unjust enrichment; (5) declaratory judgment; and (6) accounting. *Id.* at 2. Ocwen, in turn, asserted a counterclaim for judicial foreclosure against Wease. *Id.*

The Court found that Ocwen was entitled to foreclosure and granted Defendants' Motion

for Summary Judgment, thereby dismissing Wease's claims. Doc. 82, Order 14–15. The Court's Final Judgment, however, stated only that Wease should take nothing for his claims as Plaintiff. Doc. 83, Final J. 1. In other words, it failed to mention Ocwen's counterclaim for judicial foreclosure. *See id.*

Wease appealed the Court's summary judgment decision but the Fifth Circuit held that it lacked jurisdiction to entertain Wease's appeal because the Court's Final Judgment did not fully adjudicate the parties' rights in light of Ocwen's counterclaim. *Wease v. Ocwen Loan Servicing, L.L.C.*, No. 16-10521, 2016 WL 7480246, at *1 (5th Cir. Dec. 29, 2016) (explaining that the court lacked jurisdiction because "the 'final judgment' included no disposition for Ocwen's judicial foreclosure counterclaim"). Defendants now move to modify the Court's Final Judgment. Doc. 102, Defs.' Second Motion to Modify J. [hereinafter Defs.' Mot.]. Wease responded to their Motion. Doc. 103, Pl.'s Obj. and Resp. to Defs.' Second Mot. to Modify J. [hereinafter Pl.'s Obj.]. And Defendants replied. Doc. 106, Defs.' Reply to Pl.'s Obj. [hereinafter Defs.' Reply]. Thus, the Motion is ready for review.

## II.

## LEGAL STANDARD

Defendants move to amend the Court's earlier Final Judgment under Federal Rule of Civil Procedure 59(e). Doc. 102, Defs.' Mot. 4. Rule 59(e) allows parties to move "to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Yet it applies only to final judgments. *See Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007). As explained below, no final judgment has been entered in this case. For that reason, Rule 54(b), not Rule 59(e), controls. *See id.* ("Alpha's motion was improperly filed under Fed. R. Civ.

P. 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under Fed. R. Civ. P. 54(b)).

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, *however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). The Court thus treats Defendants' Motion as one for reconsideration under Rule 54(b). "Motions for reconsideration 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Helena Labs.*, 483 F. Supp. 2d at 539 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

### III.

### ANALYSIS

Defendants argue that the Court's Final Judgment was invalid because it did not award the proper relief. Doc. 102, Defs.' Mot. 4. Defendants note that the Court's summary judgment Order declared that "Ocwen [was] entitled to foreclosure." Doc. 82, Order 14–15. Its Final Judgment, however, reflected only that: (1) Wease take nothing; and (2) costs be assessed against Wease. *See* Doc. 83.

In response, Wease argues that Defendants' Motion is untimely under Federal Rule of Civil Procedure Rule 59(e) because it was not made within 28 days of the date the Judgment was entered.

Doc. 103, Pl.'s Obj. ¶ 10. Defendants reply that the 28 day requirement applies only if a valid final judgment has been rendered. Doc. 106, Defs.' Reply ¶ 2–3.

The Court Agrees with Defendants. To qualify as a final judgment, either: (1) the judgment must "'adjudicate all claims, rights, and liabilities of all parties'"; or (2) "'the district court must expressly conclude that no just reason exists for delaying the entry of final judgment and must expressly order the entry of that judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.'" *Wease*, 2016 WL 7480246, at *1 (quoting *Bader v. Atl. Int'l, Ltd.*, 986 F.2d 912, 914 (5th Cir. 1993)). The Court's Final Judgment was therefore invalid because it neither granted Ocwen the relief to which it was entitled nor rendered judgment under Rule 54(b) accompanied by a finding that there was no just reason for delay. *See id.*; Doc. 82, Order 14–15.

That is why the Court's previous filing was not a valid final judgment despite being designated as such. *See* Fed. R. Civ. P. 54(b). Thus, Rule 59(e)'s 28-day filing period does not apply and the Court is free to revise its earlier filing. *See Helena Labs.*, 483 F. Supp. 2d at 53 8 n.1. For the reasons set forth above, the Court concludes that its previous filing must be revised to correct manifest error. And so the Court **GRANTS** Defendants' Motion.

### IV.
### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Second Motion to Modify Judgment (Doc. 102). An Amended Judgment will follow this Order.

SO ORDERED.

SIGNED: April 20, 2017.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE