UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WEASE, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4107-B |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| and WELLS FARGO BANK, N.A., | § | |
| | § | |
| | § | |
|    Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Michael Wease's Motion for Reconsideration (Doc. 171). Because Plaintiff has not met his burden of demonstrating that a new trial or an alteration or amendment of the judgment is warranted, the Court **DENIES** Plaintiff's motion.

## I.

## BACKGROUND

This is a home foreclosure case. Plaintiff brought suit against Defendants[1] on October 9, 2013. Doc. 1, Notice of Removal, 1. Plaintiff believes that Ocwen breached the Loan Contract (also known as the Deed of Trust) by: (1) pre-paying Plaintiff's non-delinquent 2010 taxes, and (2) providing inadequate notice of its revocation of the Escrow Waiver Agreement in the Loan Contract. Doc. 156, Joint Pre-Trial Order, 1–2. Ocwen filed a breach-of-contract counterclaim for foreclosure on Plaintiff's property. *Id.* at 3.

On October 10, 2020, a jury returned a verdict in favor of Defendants on Plaintiff's breach-

---

[1] Hereinafter, "Ocwen" refers to "Defendants."

of-contract claim, and Ocwen's breach-of-contract counterclaim. Doc. 162, Jury Charge, 9, 15. The jury found that Ocwen was entitled to foreclose on Plaintiff's property in the amount of $179,304.36. *Id.* at 17–18. Accordingly, Final Judgment was entered on January 23, 2020 consistent with the jury's findings. *See* Doc. 169, Order & Final J., 2–3.

Following the verdict, Plaintiff timely filed a Rule 59(e) motion to reconsider the Final Judgment. Doc. 171, Pl.'s Mot., 1. Plaintiff believes that the Court erred when it denied Plaintiff's request to add the following question to the jury charge: "Did the contract permit Ocwen to pay [Plaintiff's] non-delinquent 2010 taxes on December 16, 2010?" *Id.* at 3. The jury charge contained the following question: "Has Plaintiff proved by a preponderance of the evidence that [Ocwen] revoked the Escrow Waiver Agreement without providing contractually adequate notice of its revocation of the Escrow Waiver Agreement?" Doc. 162, Jury Charge, 9.

All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may appropriately be altered or amended under Rule 59(e) to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Critically, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th

Cir. 2004)). In other words, the Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

## III.

## ANALYSIS

Plaintiff urges the Court to reconsider its Final Judgment based on the Court's omission of one of Plaintiff's proposed questions from the jury charge. Doc. 171, Pl.'s Mot., 1–2. Specifically, Plaintiff notes that in the Fifth Circuit's decision on Ocwen's motion for summary judgment, "the Fifth Circuit held that [Plaintiff] was entitled to proceed to trial on his claim that Ocwen breached the contract by paying his 2010 taxes *before the tax lien attached* and before they became delinquent.'" *Id.* at 2 (citation omitted). Plaintiff argues that the Court erred in denying Plaintiff's request to include in the jury instructions the following question: "Did the contract permit Ocwen to pay [Plaintiff's] non-delinquent 2010 taxes on December 26, 2010?" *Id.* at 3.

Plaintiff believes that the Court's denial was in error for three reasons: (1) the Fifth Circuit held that this question was a triable issue; (2) Ocwen did not have authority under the Texas Tax Code to pre-pay Plaintiff's 2010 taxes; and (3) Ocwen did not have authority under the Loan Contract to pre-pay Plaintiff's 2010 taxes. *Id.* at 2–5. Plaintiff believes that "[a]n affirmative finding [on Plaintiff's proposed question] would have demonstrated a breach of contract on Ocwen's part." *Id.* at 3.

Thus, Plaintiff asks the Court to either: (1) vacate the Final Judgment and grant a new trial, or (2) amend the judgment to hold that, as a matter of law, the Loan Contract did not permit Ocwen

to pre-pay Plaintiff's 2010 taxes and, after a hearing, enter final judgment in favor of Plaintiff. *Id.* at 5–6.

First, the Court construes Plaintiff's motion as a Rule 59(e) motion, and thus denies Plaintiff's request for a new trial. Second, the Court finds no manifest error in the jury charge. Thus, even if Plaintiff properly moved for a new trial, that request would be denied. Accordingly, the Court denies Plaintiff's Rule 59(e).

A.      *New Trial*

Plaintiff explicitly relies on Rule 59(e) in his motion for a new trial or amendment of the judgment. *See* Doc. 171, Pl.'s Mot., 2 (citing Rule 59(e) and Rule 59(e) case law, including *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 6886089 (N.D. Tex. Dec. 8, 2014)). "If final judgment has been entered, then a court will view the motion to reconsider as a motion to alter or amend the judgment under Rule 59(e)." *Eagle Oil*, 2014 WL 6886089, at *3 (citations omitted). However, Rule 59(e) is not the proper Rule for Plaintiff to request a new trial. In *Eagle Oil*, the district court explained that it is under Rule 59(a) that a party may be granted a new trial. *Id.* at *4. On the other hand, Rule 59(e) motions "are permitted in limited situations, primarily to correct 'a manifest error of law or fact' or 'to present newly discovered evidence.'" *Id.* at *3 (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007)). Motions for reconsideration are not intended to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (quoting *Templet*, 367 F.3d at 479).

The difference between Rule 59(a) and 59(e) motions is evident from Rule 59 itself. Rule 59(a) specifies the grounds for a new trial, while Rule 59(b) notes that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(a)–(b). Rule 59

then has a separate subsection for motions to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Subsection (e) was "added to care for a situation such as that arising in *Boaz v. Mutual Life Ins. Co. of New York*, 146 F.2d 321 (8th Cir. 1994), and makes clear that the district court possesses the power . . . to alter or amend a judgment after its entry" and thus "deals only with alteration or amendment of the original judgment in a case . . . ." Fed. R. Civ. P. 59(e) advisory committee's note to 1946 amendment. In *Boaz*, the Eighth Circuit held that the district court had the power to reconsider its dismissal of a case without prejudice and enter a final judgment of dismissal with prejudice. 146 F.2d at 323. Thus, Rule 59(e) contemplates altering a final judgment from "x" to "y," not vacating a final judgment for a new determination like Rule 59(a). *See Riddle v. DynCorp. Intern. Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (emphasis added) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)) ("[A Rule 59(e) motion] may not be used to *relitigate* issues that were resolved to the movant's dissatisfaction.").

However, "[i]n determining how to construe a postjudgment motion, [the Court] look[s] beyond the form of the document and examine[s] its substance to determine how the motion is best characterized." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (citation omitted).

The Court believes that Plaintiff's motion is best characterized as a Rule 59(e), not Rule 59(a), motion. Unlike the motion in *Transtexas Gas*, Plaintiff's motion specifies the rule under which he brings his motion. *Compare* Doc. 171, Pl.'s Mot., ¶¶ 4–5 (citing the Rule 59(e) standard and arguing that the motion should be construed as a Rule 59(e) motion) *with Transtexas Gas*, 303 F.3d at 580–81 ("As noted above, Transtexas's motion did not specifically invoke any of the Federal Rules of Civil Procedure . . . . However, the absence of such specificity is not dispositive.").

Thus, in light of Plaintiff's specific reliance on Rule 59(e), his argument that the motion

should be construed as a Rule 59(e) motion, and his citation to Rule 59(e) case law, the Court construes the motion as a Rule 59(e), not Rule 59(a), motion.[2] Although in his reply brief Plaintiff states that he "is authorized to request a new trial under Fed. R. Civ. P. 59," see Doc. 173, Pl.'s Reply, 1, this does not negate the fact that Plaintiff's motion is clearly brought under Rule 59(e), not Rule 59(a).

Because Rule 59(e) does not provide for a new trial as a remedy, the Court **DENIES** Plaintiff's request for a new trial.[3]

B.      *Amend or Alter the Judgment*

Alternatively, Plaintiff asks the Court to "find as a matter of law that the contract did not permit Ocwen to pay [Plaintiff's] non-delinquent 2010 taxes . . . and . . . enter a final judgment in favor of [Plaintiff] . . . ." Doc. 171, Pl.'s Mot., 5–6. Because the Court's jury instructions already provided the jury with the opportunity to find that Ocwen did not have the authority to pre-pay Plaintiff's 2010 taxes, Plaintiff is requesting that the Court not only vacate the jury verdict, but enter a judgment opposite of that verdict. The Court declines to do so.

Although the Court has "significant discretion in deciding whether to grant a motion to reconsider," "a Rule 59(e) motion is an extraordinary remedy that should be used sparingly." *Luig v. N. Bay Enters., Inc.*, 2015 WL 13118140, at *1 (N.D. Tex. Jan. 29, 2015) (citations and quotation marks omitted). Rule 59(e) motions are used to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller,*

---

[2] Plaintiff's legal standard section of his motion is also entitled, "Legal Standard–Motion to Reconsider/Alter or Amend Judgment." *See* Doc. 171, Pl.'s Mot., 2.

[3] Regardless, as discussed below in footnote four, in any event, a Rule 59(a) motion for a new trial would be denied in this case.

342 F.3d at 567 (citations omitted). Because Plaintiff argues that the Court erred in not submitting a jury question, see Doc. 171, Pl.'s Mot., 2–3, the Court will analyze whether it committed manifest error.

"'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citations omitted). The error must be "an obvious mistake or departure from the truth." *Bank One, Tex., N.A. v. Fed. Deposit Ins. Corp.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998). With regards to jury instructions specifically:

> First, the challenger must demonstrate that the charge as a whole creates a substantial and eradicable doubt whether the jury has been properly guided in its deliberations. Second, even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case.

*Hartsell v. Dr. Pepper Bottling Co*, 207 F.3d 269, 272 (5th Cir. 2000) (citation omitted).

The Fifth Circuit's summary judgment opinion in this case (Doc. 112) demonstrates how the Court did not commit "manifest error" when it declined to put Plaintiff's proposed question into the jury charge.

The Fifth Circuit found that two factual disputes precluded summary judgment on Plaintiff's breach-of-contract claim: (1) "whether the contract permitted Ocwen to pay [Plaintiff's] non-delinquent 2010 taxes," Doc. 112, Opinion, 7, and (2) "whether Ocwen failed to provide adequate notice of its actions." *Id.* at 8.

The Fifth Circuit considered these questions to be interrelated. In discussing the first question, the Fifth Circuit explained that Section 3 of the Loan Contract "states that Ocwen 'may revoke the [escrow] waiver as to any or all Escrow items *at any time* . . . .'" Doc. 112, Opinion, 8

(emphasis in original). The court also noted that "[t]he crucial end of that sentence" is "by a notice given in accordance with Section 14[.]" *Id.* at 8 n.3. The court explained that it would discuss that part of the sentence in its discussion of question two. *Id.* The court concluded that "[a] strong reading of that [revocation] clause would suggest that Ocwen might have the right to pay taxes preemptively without a triggering condition," while also noting that "[t]he record is unclear as to whether, and if so, how Ocwen ever revoked the" escrow waiver. *Id.*; *id.* at 8 n.6.

Thus, the Fifth Circuit's discussion of the first question necessarily involved questions of (1) adequate notice, and (2) revocation. *See id.* at 8 n. 5–6. With that in mind, when denying Plaintiff's requested jury question, this Court concluded that its breach-of-contract jury question—"Has Plaintiff proved by a preponderance of the evidence that Ocwen revoked the Escrow Waiver Agreement without providing contractually adequate notice of its revocation of the Escrow Waiver Agreement?," see Doc. 162, Jury Charge, 9—was appropriate. This question encompassed the two issues the Fifth Circuit deemed triable; and the jury returned an answer of "No" to the question. In other words, because the jury found that Plaintiff did not prove that there was inadequate notice, Plaintiff failed to prove that Ocwen violated Section 3 of the contract, specifically the provision that "Ocwen may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 . . . ." *See id.* at 8. In finding no violation of Section 3, then, the jury implicitly adopted the "strong reading of [Section 3]" that would allow Ocwen "the right to pay taxes preemptively . . . ." *See* Doc. 112, Opinion, 8.

The Court thus did not manifestly err in its jury instructions. The Court included all the provisions of the contract that Plaintiff alleged Ocwen breached, see Doc. 162, Jury Charge, 8, thus giving the jury the opportunity to analyze whether Ocwen breached any of their contractual duties.

*See Hartsell*, 207 F.3d at 272 (citation omitted) (explaining that "the charge as a whole [must] create[] substantial and ineradicable doubt" as to whether the jury was "properly guided").The jury instruction was correct, and the at-issue instruction, therefore, "could not have affected the outcome of the case." *Id.* (citation omitted). Similarly, and importantly, even if Plaintiff were entitled to the instruction, he has not shown how the question would have been answered in his favor and would warrant a complete reversal of the jury verdict. This demonstrates how a motion to amend or alter a final judgment is not the proper remedy for a supposed error in the jury instructions. *See Aero Int'l, Inc. v. U.S. Fire Ins. Co*, 713 F.2d 1106, 1113 (5th Cir. 1983) ("A new trial is the appropriate remedy for prejudicial errors in jury instructions."). Accordingly, Plaintiff's attempt to amend or alter the judgment in his favor is denied.[4]

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 171) is **DENIED**.


SO ORDERED.

SIGNED: April 16, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] For the same reasons, a Rule 59(a) motion for a new trial would have been denied. *See Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 352 (5th Cir. 2010) (applying the same standard to determine whether an error in the jury instructions warranted a new trial).