UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WEASE, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4107-B |
| | § | |
| OCWEN LOAN SERVICING, LLC, and WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |
| ─────────────────────── | § | |
| OCWEN LOAN SERVICING, LLC, and WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendants/Counter-Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL WEASE, | § | |
| | § | |
| Plaintiff/Counter-Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants/Counter-Plaintiffs Ocwen Loan Servicing, LLC[1] and Wells Fargo Bank, N.A. (collectively "Ocwen"[2])'s Second Amended Motion for Attorneys' Fees (Doc. 201). For the following reasons, the Court **GRANTS** the motion.

---

[1] Since this litigation began, Ocwen Loan Servicing, LLC merged to become PHH Mortgage Corporation. *See* Doc. 193, Defs.' Am. Fee Mot., 1.

[2] For clarity, the Court refers to Defendants/Counter-Plaintiffs collectively as "Ocwen" though they are two distinct entities.

I.

BACKGROUND

This case concerned a mortgage dispute. Plaintiff/Counter-Defendant Michael Wease ("Wease") sued Ocwen in response to Ocwen's attempts to collect on a home equity loan made to Wease. *See* Doc. 69, 3d Am. Compl., ¶¶ 16–17. Wease alleged claims for, in relevant part, breach of contract, unclean hands, violation of the Real Estate Settlement Procedures Act, and violation of the Texas Debt Collection Practices Act, and Ocwen filed a counterclaim for foreclosure. *See* Doc. 69, 3d Am. Compl., ¶¶ 19–53; Doc. 70, Answer, 16. The ensuing litigation spanned several years and sparked multiple appeals. Relevant here is that the Court granted Ocwen's motion for summary judgment on all claims. *See* Doc. 108, Am. J. Wease appealed, however, and on March 7, 2019, the Fifth Circuit reversed the Court's judgment as to Wease's breach-of-contract claim and Ocwen's foreclosure counterclaim and affirmed on all other claims. *See Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). The two surviving claims then proceeded to trial, where the jury found for Ocwen on both claims. *See* Doc. 163, Jury Verdict. Accordingly, the Court entered judgment as follows:

> Defendants/Counter-Plaintiffs are entitled to judgment against Plaintiff/Counter-Defendant for his breach of the Loan Contract in the amount of $179,304.36, pre-judgment interest and post-judgment interest at the Note rate of 6.625%, as well as costs of court and attorney's fees to be decided by the Court on separate motion pursuant to Federal Rule of Civil Procedure 54 . . . . The Judgment against the Plaintiff is in rem and enforceable only through [Ocwen's] security interest . . . .

Doc. 169, Order & Final J., ¶ 3.

On August 12, 2021, Ocwen filed a motion for attorneys' fees seeking a fee award of $264,307.00. *See* Doc. 193, Defs.' Am. Fee Mot., 8. Plaintiff/Counter-Defendant Michael Wease ("Wease") objected to Ocwen's request to the extent that it sought attorneys' fees for work

performed between May 19, 2017, and March 7, 2019 (the "disputed fee period"), because some of these fees were incurred litigating Wease's partially successful appeal. *See* Doc. 195, Pl.'s Fee Mot. Resp., ¶¶ 3–5. The Court granted in part and denied in part Ocwen's fee motion. *See Wease v. Ocwen Loan Servicing L.L.C.*, 2021 WL 4991079, at *6 (N.D. Tex. Oct. 27, 2021). Specifically, the Court granted Ocwen the undisputed $202,315.06 in fees for work performed outside the disputed fee period but denied Ocwen's requested fees for work performed during the disputed fee period because Ocwen did not attempt to segregate its fees between recoverable and unrecoverable work. *See id.* at *5. The Court's partial denial was without prejudice and instructed Ocwen to file a supplemental fee request segregating its fees for the disputed fee period. *See id.* at *6. Ocwen then filed the instant motion (Doc. 201) amending its fee request for the disputed fee period. The motion is briefed and ripe for review.

## II.

## LEGAL STANDARD

An award of attorneys' fees "is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law provided the rule of decision in this case. *See* Doc. 169, Order & Final J. In Texas, attorneys' fees are recoverable when provided for by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Attorneys' fees in this matter are provided for by contract. *See Wease*, 2021 WL 4991079, at *2 n.6; *see also* Doc. 169, Order & Final J., ¶ 3.

The preferred method for federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method. *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017) (citing *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001) (per curiam)). The

lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended . . . by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal quotation marks omitted). Texas courts then apply the eight *Arthur Andersen* factors[3] to determine whether the lodestar should be adjusted. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "The Supreme Court of Texas has recognized that 'the base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations.'" *Murphy Oil USA, Inc. v. Love's Travel Stops & Country Stores, Inc.*, 2021 WL 2077648, at *2 (N.D. Tex. May 24, 2021) (quoting *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 500 (Tex. 2019)).

## III.

## ANALYSIS

Having amended its fee request, Ocwen now seeks $28,938.00 in attorneys' fees for work performed during the disputed fee period. Doc. 201, 2d Am. Mot., 2–3. According to Ocwen, its amended request excludes all time entries that were solely related to unrecoverable work and applies a 50% reduction to the remaining entries, which it concedes represent a mix of recoverable and

---

[3] The *Arthur Andersen* factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen*, 945 S.W.2d at 818.

unrecoverable work. *See id.* at 2. As support, Ocwen attaches to its motion twenty-four invoices from the disputed fee period. Doc. 201-1, Annotated Billing Rs.

Wease does not claim that Ocwen's hours, rates, or proposed 50% reduction are unreasonable. *See* Doc. 202, Pl.'s Resp. Instead, Wease contends that Ocwen's amended fee request should be denied in full because the billing records attached to Ocwen's motion are hearsay because there is no proper foundation for the records, and without these records, "the Court is unable to determine either the reasonable number of hours expended or the reasonable hourly rates in order to calculate the amount of attorneys' fees that [Ocwen] may be entitled to." *Id.* ¶ 2. The Court disagrees.

The records attached to Ocwen's amended fee motion are merely annotated versions of those submitted in support of its prior fee motion, which were authenticated by the affidavit of Ocwen's attorney, Brett Schouest. *Compare* Doc. 193-1, Billing Rs., 35–151, *with* Doc. 201-1, Annotated Billing Rs., 2–118. *See* Doc. 193-1, Schouest Decl.; *Whatley v. Creditwatch Servs.*, 2014 WL 1287131, at *3 (E.D. Tex. Mar. 31, 2014) (finding an attorney's affidavit sufficient to authenticate billing records). Thus, in considering Ocwen's modified fee request, the Court can determine a reasonable fee by reference to the original billing records. As such, Wease's hearsay objection is overruled as moot.

The Court can derive from the billing records that Ocwen's request encompasses 194.5 hours of attorney and professional time billed at rates ranging from $115 to $350 per hour. *See* Doc. 193-1, Billing Rs., 35–151; Doc. 201, Def.'s Mot., 2–3. The Court finds these hours and rates reasonable under the circumstances. *See Wease*, 2021 WL 4991079, at *3 (citing *Sw. Reinsure, Inc. v. Comfort Auto Grp. USA, LLC*, 2021 WL 2414847, at *4 (N.D. Tex. June 14, 2021)). The Court also finds

that Ocwen's proposed 50% reduction is reasonable, particularly given that Wease's appeal was unsuccessful as to three of the five (60%) claims at issue. *Wease*, 915 F.3d at 997; *see Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 12696493, at *10–11 (N.D. Tex. Jan. 22, 2015) (finding a fee applicant's percentage-based reductions reasonable to account for unsegregated claims); *Chapa*, 212 S.W.3d at 314 ("Unsegregated attorney[s'] fees for the entire case are some evidence of what the segregated amount should be."). Accordingly, the lodestar for the disputed fee period is $28,938.00. Further, neither party argues for an adjustment of the lodestar on account of any of the *Arthur Andersen* factors, and the Court, reviewing them independently, finds no reason to do so. As such, the Court awards Ocwen $28,938.00 in attorneys' fees for work performed from May 19, 2017, to March 7, 2019.

## IV.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Ocwen's Second Amended Motion for Attorneys' Fees (Doc. 201) and awards Ocwen $28,938.00 in attorney fees for work performed from May 19, 2017, to March 7, 2019. As outlined in the Court's Final Judgment, Ocwen's fees are enforceable only through its security interest. Doc. 169, Order & Final J., ¶ 3. To avoid confusion, the Court will issue a separate judgment enumerating the total fee award.

**SO ORDERED**.

**SIGNED: April 12, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE